IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN FLYNN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 05-2107 (HHK) |
| | ) |
| TEMPLETON MASONRY COMPANY, INC., | ) |
| | ) |
| Defendant. | ) |

## MOTION FOR ENTRY OF DEFAULT JUDGMENT
## AND INCORPORATED MEMORANDUM IN SUPPORT THEREOF

Plaintiffs, by their attorneys, and in accordance with Federal Rule of Civil Procedure 55(b)(2), move this Court to enter a default judgment in favor of the Plaintiffs and against Defendant in the amount of $60,037.94 on the ground that default has been entered against Defendant for failure to answer the Complaint. This motion is supported by the Declarations of David F. Stupar, attached hereto as Exhibit A and Ira Mitzner, attached hereto as Exhibit B. The certificate of the Clerk of this Court declaring Defendant in default is attached hereto as Exhibit C. A copy of the Complaint filed by Plaintiffs is attached hereto as Exhibit D.

## FACTS

Plaintiffs, John Flynn, *et al.*, filed the complaint in this case on October 27, 2005. Defendant was served with the Summons and Complaint on November 17, 2005 and has failed to file an Answer to the Complaint. On March 8, 2006, the Clerk of this Court declared Templeton Masonry Company, Inc., to be in default.

## ARGUMENT

Rule 55 of the Federal Rules of Civil Procedure provides that when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, the Clerk shall enter the party's default and "the party entitled to a judgment by default shall apply to the court therefore." Defendant has failed to answer the Complaint, default has been entered by the Clerk, and Plaintiffs are entitled to judgment. Accordingly, Plaintiffs' motion for a default judgment should be granted. *See, e.g., Trustees of the Local 306, United Ass'n. Health & Welfare Fund v. Am. Testing & Inspection, Inc.*, No-88-2274-OG, 1988 WL 134942, *1 (D. D.C. Nov. 30, 1988) (entering default judgment where "defendant has failed to respond at any step of these proceedings or otherwise enter an appearance"); *Sanderford v. Prudential Ins. Co. of Am.*, 902 F.2d 897, 901 (11th Cir. 1990) (affirming entry of default judgment as "[n]either the text of the Federal Rules, nor judicial interpretation placed in the rules by the Federal Courts contemplate that a party may totally ignore pleadings and notices it receives").

## CONCLUSION

For the foregoing reasons, a default judgment should be entered in favor of Plaintiffs and against Defendant in the amount of $60,037.94.

Date: May __16__, 2006

Respectfully submitted,

By _____
Ira R. Mitzner (D.C. Bar No. 184564)
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037
(202) 785-9700

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Default Judgment was served by first class mail, postage prepaid, this _16_ day of May, 2006, upon:

> Ernest W. Boyd, Esq.
> Jeremy R. Stone, Esq.
> MehaffyWeber
> One Allen Center
> 500 Dallas Street, Suite 1200
> Houston, TX 77002

_____
Andrea Newell